Sorry this is so unreadable I'm having crafty instrument malfunction.

Woodham v. NH (II)   # not assigned
1:23-fp-0202   filed in 2023

NEW Habeas Petition - Review: 3/23/23

1. I don't remember why I wrote the TRO of II probably don't have the original text. If it was about encouraging the SPH/NHHP administration to let me appeal my continued incarceration through their appeals process — I later (6 months later) learned I have to do that through the Concord Probate court, or maybe it's a special administrative court. There's a court.

2. Concord, Haverhill, and this administrative court have to this date refused to docket a hearing to allow me to appeal my confinement, although RSA 135-C clearly favors the patient's right to call a hearing to question her ongoing commitment. The procedural wrangling was as follows: the probate court judge refused to consider my motion to amend commitment order because he claimed I was already represented, although Attorney Simpson had clearly indicated his intention to remove himself from my case. Both of us had to file successive motions until a judge finally granted my request to appoint new counsel. No court date has been scheduled.

3. In the meantime, I pursued a couple habeas petitions in Merrimack Superior. These got shot down by the triers of fact whom it doesn't appear actually bothered to read either of them. The AAG's office didn't help much by fraudulently misrepresenting case law, claiming I was not entitled to habeas relief although this is directly contrary to precedent in NH — see Doe v. Comm'r (2021), as well as RSA 135-C.   NHSC refused my 1st petition ✗

4. I was ticked off enough to file for appeal which is currently under consideration at NHS. (!) The court is still considering my appeal for original commitment, filed as far back as 2021.

5. I'm still entitled to habeas relief concerning my continuing confinement, & the court's decision in my successive Woodham v. Comm'r cases (#s: 217-2022-cv-389 and cv-632) filed in Merrimack, are illegal under federal law. (Even if this weren't true they were clearly & demonstrably obtained by fraud by the State of NH.)

6. I'm also seeking review of additional claims presented in state court, including the transfer of my medical records, contrary to HIPAA, & voidability of a protective order.

Marked 3/23/23 by la Grace Woodham
plaintiff in pro per.

**Summary:** the NH Judicial Branch refuses point blank to contemplate my release from illegal, indefinite incarceration in the SPU while my appeal at NH S. Ct. is pending. This effectively leaves me without any resolution under state law.

② The state law, which I've cited extensively in Woodhan v. Commr (217-2022-CV-632, Merr. Sup) is crystal clear: the legislature intended for patients to have all possible routes of resolution for excessive confinements in civil commitment. See 135-C ¢ the Patient's Bill of Rights, guaranteeing least restrictive environment, (somewhat duplicative to the U.S. S. Ct's 1998 Olmstead decision).

③ For whatever it's worth, Olmstead would also find 6 month waits to transfer to the hospital to be contrary to Due Process. (see discussion towards the end of Ginsberg's opinion).

④ I was found incompetent because the county jail point-blank refused to treat me for chronic fatigue/ME (analoguous to long-COVID) which hasn't exactly been resolved by moving me to another penal system. Because my jailers are a bunch of cheap fucks they can't successfully differentiate between the effective symptoms of fatigue & depression. Also they don't bother to read my chart. More on this later.

⑤ Typically lack of state remedies, constructive or otherwise, allows an action to be prosecuted under federal law. Federal courts have seen exception to AEDPA in extreme circumstances, especially when the state is at fault for the delay. US v. Ecker (1st Circ) is perhaps the most extreme.

⑥ I've already exhausted my state remedies for interim release pending reversal of the original commitment order — AEDPA does not apply. Meanwhile my continued confinement is clear violation of prevailing federal law under Jackson v. Indiana (1978).

Grace Woodham
281 N State St
SPU 139265
Concord NH 03302



US Court Dist NH
55 Pleasant St.
Concord NH 03301

"Mailed from the NH State Prison. Contents have not been evaluated. Not Responsible for content/substance."