US District Court - NH                                    Woodham v. State of NH
                                                              1:23-fp-202

FILED - USDC-NH
2023 MAY 25 AM 11X20 [Expedited] Prelim. Injunction

The new property officer, Kum, is arbitrarily demanding that I divest of my property in storage in the basement although I was previously allowed to have these items. He is also aware that I have no one to pick them up. Other patients, and convicts, are allowed to keep property in storage. Because the prison is not at capacity, there is not a lack of storage space. In fact, my unit, which is empty, has several rooms worth of storage space which are not being used.

I don't know what the prison rules are, in part because he seized my patient handbook and threw it away. Also, whatever other bylaws exist are simply not accessible to us. I have asked many times to see the prison rules, and no one can help me.

It's really clear that Mr. Kum is bullying me in retaliation for suing him. In addition to destroying my property, he also refuses to feed me. On the date of this filing, he and Ofc. Day? & possibly a 3rd party chose to "punish" me by withholding lunch. Their rationale for this is not clear. ~~They know I've had of being 4 it's~~ (I know it was him because I heard muted, indiscernible yelling)

See exhibit (A) for the most recent act of extortion (n.b: these items aren't restricted, he's just a fucking asshole)

Discussion: Singling me out for this divestment program, when he is well-aware that I'm dealing with family issues & have no obvious recourse raises questions of disparate impact under the Equal Protection clause. NHSP-SPU's seeming policy of randomly & arbitrarily retracting authorization to own my property, or at least store it in the SPU, when the policies regarding "excess property" are not posted anywhere even remotely accessible, implicates due process, as well as the ex post facto clauses of both the NH & US constitutions. (It goes without saying that I have a property interest in my... property which would invoke substantive due process). See also Logan v. Zimmerman Brush Co., notice is a basic requirement of due process, whereas, there is no notice if one cannot educate oneself on what is actually prohibited, 455 US 422 (1982). Limits on property are found to violate due process when an inmate is given no notice, Salahuddin v. Coughlin, 591 F.Supp 535, 358 (SDNY 1984). Deprivations of property that are "authorized" may deny due process regardless of whether there is a post-deprivation remedy, such as a 5-day-notice, Zimmerman at 436. In general, prison officials are required to follow their own rules, Caldwell v. Miller, 790 F.2d at 589 (7th Cir. 1986).

Since I've clearly established a constitutional deprivation, which is per se "irreparable harm", I've sufficiently proved that one factor of the ~~exigency analysis~~ necessity for exigent relief analysis favors myself. Elrod v. Burns, 427 US 347, 373 (1976). The balance of hardships favors me — while I stand to lose my property, the prison is no worse off than before. Clearly storing my stuff is not creating undue burden on their part. I believe I am likely to succeed on the merits: I have cited extensive caselaw supporting my position; moreover, the relief I am seeking is simple common sense & decency. An injunction ordering the defendants to cease & desist is in the public interest, since lawful behavior by prison officials is always in the public interest, Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008)

RELIEF: Please order NHSP & officer Kum to STOP unlawfully destroying my property until this matter can be more fully litigated. If this order is not granted, they will continue blithely on as before, but even more emboldened. To this date, I've already lost $100s worth of items to the State, again, illegally. Prompt resolution will mitigate the need for further litigation, thereby lightening this court's docket...

I'm also seeking compensatory, punitive damages from Kum, Captain Mashell, for conversion, RICO (Hobbs Act), the various constitutional violations previously mentioned via § 1983, IIED, NIED, trespass upon chattel; Mashell sued via respondeat superior; the State is also liable via Broussard? Brousseau?

Mailed to US Court - NH 5/23/25 by L. Grace Woodham, pro se, Concord NH